ROBERT H. ROTSTEIN (SBN 72452), rxr@msk.com
ELAINE K. KIM (SBN 242066), ekk@msk.com
HILARY E. FEYBUSH (SBN 280714), hef@msk.com
MITCHELL SILBERBERG & KNUPP LLP
11377 West Olympic Boulevard
Los Angeles, CA  90064-1683
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendants
Twentieth Century Fox Film Corporation,
Lee Daniels, Malcolm Spellman, Danny Strong,
and Taraji Henson

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| RON NEWT,<br><br>          Plaintiff,<br><br>     v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION, LEE DANIELS, MALCOLM SPELLMAN, DANNY STRONG, TARAJI HENSON and DOES 1-100, inclusive,<br><br>          Defendants. | CASE NO. 3:18-CV-00370-SK<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF RON NEWT'S COMPLAINT IN ITS ENTIRETY WITHOUT LEAVE TO AMEND PURSUANT TO FED. R. CIV. P. 12(b)(1)**<br><br>**[Filed Concurrently Herewith Declarations of Hilary E. Feybush and Janene P. Bassett, Request for Judicial Notice, Exhibits, and [Proposed Order]**<br><br>Judge:     Hon. Sallie Kim<br>Date:      March 19, 2018<br>Time:     9:30 a.m.<br>Ctrm:     A – 15th Floor |

# NOTICE OF MOTION

**TO THE COURT AND PLAINTIFF:**

**NOTICE IS HEREBY GIVEN** that on March 19, 2018 at 9:30 a.m., or on such date and time thereafter that the Court deems appropriate, in Courtroom A of the above-captioned Court, located at 50 Golden Gate Ave., San Francisco, CA 94102, Defendants Twentieth Century Fox Film Corporation, Lee Daniels, Malcolm Spellman, Danny Strong, and Taraji Henson (collectively, "Defendants"), will and hereby do move this Court, pursuant to Rules 12(b)(1) of the Federal Rules of Civil Procedure for an Order dismissing Plaintiff Ron Newt's Complaint in its entirety without leave to amend.  This Motion is made on the following grounds:

1. Plaintiff's sole claim for breach of implied-in-fact contract is a state law claim and therefore there is no federal question.
2. There is no diversity jurisdiction because diversity in citizenship is lacking.

This Motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; the concurrently submitted Request for Judicial Notice and Declarations of Janene P. Bassett and Hilary E. Feybush; all pleadings and other records on file in this action; and such further evidence and arguments as may be presented at or before any hearing on the Motion.

DATED: February 9, 2018            MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Robert H. Rotstein
    Robert H. Rotstein
    Elaine K. Kim
    Hilary E. Feybush
    Attorneys for Defendants
    Twentieth Century Fox Film Corporation, Lee
    Daniels, Danny Strong, Malcolm Spellman, and
    Taraji Henson

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

In a blatant attempt to re-litigate a case that both the Central District of California and the San Francisco Superior Court have decided against him, Plaintiff Ron Newt ("Plaintiff") has now filed his *sixth* lawsuit claiming that the hit television series *Empire* copied his book and screenplay. Plaintiff's newest Complaint contains a single, *state-law* claim for breach of implied-in-fact contract against Defendants,[1] and does not properly allege diversity jurisdiction. Because Plaintiff has not, and cannot, plead either federal question or diversity jurisdiction, his Complaint should be dismissed without leave to amend under Federal Rule of Civil Procedure 12(b)(1).

**II.     PROCEDURAL HISTORY**

Plaintiff has previously filed five lawsuits, all based on the false premise that *Empire* copied his book and screenplay. *See* Request for Judicial Notice ("RJN") Exs. 1, 3, 5, 7, and 10. Plaintiff first filed a federal action in the Central District asserting copyright infringement under 17 U.S.C. § 101 *et seq.*, along with a state-law claim for breach of implied-in-fact contract. RJN Ex. 1. On July 27, 2016, the district court dismissed Plaintiff's copyright claim with prejudice, finding that, as a matter of law, Plaintiff's works and *Empire* are not substantially similar. *See Newt v. Twentieth Century Fox Film Corp.*, No. 15-cv-02778-CBM-JPRx, 2016 WL 4059691, at *12 (C.D. Cal. July 27, 2016), *attached as* RJN Ex. 2. The court also declined to exercise supplemental jurisdiction over Plaintiff's breach of implied-in-fact contract claim and "dismisse[d] it without prejudice to being refiled in state court." *Id.* at *13. Plaintiff's appeal of that order was subsequently dismissed. *See Newt v. Daniels*, 2017 WL 3923362 (9th Cir. Jan. 3, 2017).

Plaintiff then filed a series of state-law actions in the San Francisco Superior Court. These actions, like the current lawsuit, alleged that *Empire* copied Plaintiff's book and screenplay, and asserted a variety of state-law claims, including breach of implied-in-fact contract in all but the first state-court lawsuit:

---

[1] Defendants are Twentieth Century Fox Film Corporation, Lee Daniels, Malcolm Spellman, Danny Strong, and Taraji Henson.

- Plaintiff filed Case No. CGC-16-553397 on August 1, 2016 and voluntarily dismissed it on August 16, 2016.  RJN Exs. 3-4.

- Plaintiff filed Case No. CGC-16-553728 on August 16, 2016 but never served the complaint; the action was dismissed on March 16, 2017.  RJN Exs. 5-6.

- On September 22, 2016, Plaintiff filed Case No. CGC-16-554437.  RJN Ex. 7.  After Defendants filed special motions to strike his operative complaint pursuant to California's anti-SLAPP statute, Code of Civil Procedure §425.16, Plaintiff failed to file an opposition, obtained an extension to file one, and then—shortly before the noticed hearing and without prior notice to Defendants—filed a request for dismissal of the entire action without prejudice.  RJN Ex. 8.[2]

- On April 14, 2017, just three days after dismissing Case No. CGC-16-554437 to avoid Defendants' anti-SLAPP motions, Plaintiff filed yet another state court action, Case No. CGC-17-558182 .  RJN Ex. 10.  This action raised multiple claims, including, yet again, a cause of action for breach of implied-in-fact contract.  On August 4, 2017, Plaintiff again voluntarily dismissed his claims against Defendants Malcolm Spellman, Lee Daniels, Danny Strong, and Twentieth Century Fox Film Corporation.  RJN Ex. 11.  On December 21, 2017, the Superior Court entered an order granting the sole remaining Defendant Terrence Howard's Anti-SLAPP Motion in its entirety, which Plaintiff has appealed.  RJN Ex. 12.

### III.    PLAINTIFF'S CURRENT COMPLAINT

This latest lawsuit filed by Plaintiff on January 17, 2018 asserts a single state-law claim for breach of implied-in-fact contract.  Plaintiff alleges that "[t]his court has jurisdiction of this action under 28 U.S.C. section 1332."  Compl. ¶ 1.  He alleges that he is a resident of the city and county of San Francisco, California (*id.* ¶ 2); that the individual Defendants are residents of Los Angeles County, California (*id.* ¶¶ 4-7); and that Defendant Twentieth Century Fox Film Corporation ("TCFFC") is a corporation, organized and existing under the laws of Delaware (*id.* ¶ 3).  Plaintiff

---

[2] On July 27, 2017, the Superior Court awarded attorney's fees to the Defendants in that action in the amount of $48,000.  RJN Ex. 9.

does not allege where TCFFC's principal place of business is.  *See id*. ¶ 3.[3]  Finally, while the Complaint alleges diversity jurisdiction, the Civil Cover Sheet asserts jurisdiction under a federal question.  RJN Ex. 13.

## IV. PLAINTIFF HAS NOT, AND CANNOT, ESTABLISH JURISDICTION OVER THE SUBJECT MATTER

Federal district courts are courts of limited jurisdiction and can only adjudicate cases authorized by the Constitution and statutes enacted by Congress.  *Couch v. Telescope Inc.*, 611 F.3d 629, 632 (9th Cir. 2010) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).  The basic statutory grants of federal courts' subject-matter jurisdiction are contained in 28 U.S.C. § 1331 (federal-question jurisdiction) and § 1332 (diversity-of-citizenship jurisdiction).  *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 513 (2006).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  A complaint may be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure where there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1).  "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), ***the plaintiff has the burden of proving jurisdiction in order to survive the motion***."  *Kingman Reef Atoll Invs., L.L.C. v. United States,* 541 F.3d 1189, 1197 (9th Cir. 2008) (internal quotation marks omitted) (emphasis added).  "A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect [can] be corrected by amendment."  *Id.*

In a motion to dismiss attacking the existence of subject-matter jurisdiction, a court "is not restricted to the face of the pleadings."  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).  In such a case, a court may rely on evidence extrinsic to the pleadings and resolve factual

---

[3] In fact, as discussed in more detail below, TCFFC has its principal place of business in Los Angeles, California, making it a citizen of California for diversity purposes.

disputes relating to jurisdiction. *See St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir.), *cert. denied*, 493 U.S. 993 (1989); *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987).

### A.   *Because Plaintiff Has Pled Only A State-Law Breach of Contract Claim, There Is No Federal-Question Jurisdiction*

For federal-question jurisdiction to exist, the case needs to "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The complaint must also clearly set forth the nature of the federal right to establish federal question jurisdiction. *See Vaden v. Discover Bank,* 556 U.S. 49, 60, (2009); *N. Am. Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229, 233-34 (2d Cir. 1978). In alleging a federal question, Plaintiff must show that he has alleged a claim under federal law and that the claim is not frivolous. *Rosas v. Carnegie Mortg. LLC,* 2012 WL 1865480, at *3 (C.D. Cal. May 21, 2012), *citing* 5B Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1350, pp. 211, 231 (3d ed. 2004).

Here, Plaintiff's sole claim is a claim for breach of implied-in-fact contract under state law, not federal law. *See Newt*, 2016 WL 4059691, at *13 (Plaintiff's Second Cause of Action is a state law claim for breach of implied-in-fact contract."); *see also Benay v. Warner Bros. Entm't, Inc.,* 607 F.3d 620, 629 (9th Cir. 2010). Indeed, in its 2016 decision, the Central District of California court declined to exercise supplemental jurisdiction over Plaintiff's claim for breach of implied-in-fact contract. *Newt*, 2016 WL 4059691, at *13. In so doing, the federal court determined that there was no independent federal subject-matter jurisdiction over the claim, because there was neither a federal question nor diversity jurisdiction. *See id.* (noting that Plaintiff's implied-in-fact contract claim "is a state law claim"). Accordingly, the court "dismisse[d] [the claim] without prejudice to **being refiled in state court**." *Id.* (emphasis added). Plaintiff may not re-litigate this issue.

Accordingly, there can be no subject-matter jurisdiction under 28 U.S.C. § 1331.

### B.   *Plaintiff Has Not Pled, and Cannot Establish, Diversity Jurisdiction*

Under 28 U.S.C. § 1332, district courts have original jurisdiction of civil actions in which the amount in controversy exceeds $75,000 and where there is diversity of citizenship. 28 U.S.C. § 1332(a)(1). Diversity requires that all plaintiffs be of different citizenship from all defendants.

*Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005).  Because the diversity requirements are strictly construed, any doubt as to whether diversity jurisdiction exists is normally resolved against finding the existence of diversity jurisdiction.  *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1092 (9th Cir. 1983).

Plaintiff has utterly failed to allege diversity jurisdiction.[4]  He is a citizen of California.  Compl. ¶ 2; RJN Ex. 14.  He alleges that all of the individual Defendants are residents of California.  Compl. ¶¶ 4-7.  Moreover, as established in the concurrently filed Declaration of Janene P. Bassett, because TCFFC has its principal place of business in California, it, too, is a citizen of California.  Declaration of Janene P. Bassett ¶ 3.  This fact, by itself, obviates diversity jurisdiction.  *See* 28 U.S.C. § 1332(c); *Savage v. Glendale Union High Sch. Dist. No. 205*, 343 F.3d 1036, 1040, n. 2 (9th Cir. 2003).[5]

In short, Plaintiff cannot establish diversity jurisdiction.  Because subject-matter jurisdiction does not lie under either 28 U.S.C. § 1331 or § 1332, this action should be dismissed.

**C.     *Any Attempt At Amendment By Plaintiff Would Be Futile***

An action may be dismissed for lack of subject-matter jurisdiction without leave to amend, where, as here, it is clear that the jurisdictional deficiency cannot be cured by amendment.  *May Dep't Store v. Graphic Process Co.*, 637 F.2d 1211, 1216 (9th Cir. 1980); *Eminence Capital, L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000).  While *pro se* pleadings are held to a less stringent standard, a motion to dismiss should still be granted without leave to amend when no amendment can cure the defects.  *Hess v. Comm'r of the Internal Revenue*, 2002 U.S. Dist. LEXIS 20818, at *4-5 (E.D. Cal. Aug. 27, 2002).

---

[4] In addition to diversity of citizenship, Plaintiff also fails to allege the amount in controversy.

[5] In fact, Plaintiff is aware of TCFFC's principal place of business in California.  In his First Amended Complaint in his previous federal lawsuit, he alleged that TCFFC "is a corporation existing under the laws of Delaware maintaining its principal place of business at 10201 West Pico Blvd., Los Angeles, CA 90035."  *See* RJN Ex. 1.  This address is also listed on Plaintiff's Civil Cover Sheet in this action.  *See* RJN Ex. 13.

The defects identified above are not rectifiable even if this Court were to grant leave to amend. The Central District of California has already determined that Plaintiff's breach of implied-in-fact contract claim cannot proceed in federal court. Moreover, Plaintiff cannot amend his state-law claim for breach of implied-in-fact contract to allege a federal question, and his copyright infringement claim has previously been dismissed with prejudice. Furthermore, Plaintiff and Defendant TCFFC are both citizens of California.

**I.  CONCLUSION**

For the forgoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety without leave to amend.

DATED: February 9, 2018                MITCHELL SILBERBERG & KNUPP LLP

By: /s/ Robert H. Rotstein
    Robert H. Rotstein
    Elaine K. Kim
    Hilary E. Feybush
    Attorneys for Defendants
    Twentieth Century Fox Film Corporation, Lee Daniels, Danny Strong, Malcolm Spellman, and Taraji Henson