UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RON NEWT,<br><br>    Plaintiff,<br><br>    v.<br><br>TWENTIETH CENTURY FOX FILM CORPORATION, et al.,<br><br>    Defendants. | Case No. 18-cv-00370-SK<br><br>**REFERRAL FOR REASSIGNMENT; REPORT AND RECOMMENDATION TO DISMISS ACTION FOR LACK OF JURISDICTION** |

Plaintiff Ron Newt, a resident of San Francisco, California, filed this action in January 2018 naming as Defendants Twentieth Century Fox Film Corporation ("20th Century") and a number of individuals. (Dkt. No. 1) This action was assigned to the undersigned Magistrate Judge. All Defendants who have appeared have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c), but Plaintiff recently named a new defendant who has not yet appeared in this action and therefore has not yet consented to the jurisdiction of the undersigned Magistrate Judge. (Dkt. 12.) Therefore, the undersigned Magistrate Judge lacks jurisdiction to make a dispositive ruling in this case. *Williams v. King*, 875 F.3d 500 (9th Cir. 2017) (magistrate judge does not have jurisdiction to dismiss case under 28 U.S.C. § 636 if there are defendants who have not been served and have not consented to the jurisdiction of the magistrate judge). Accordingly, the Court ORDERS that this case be REASSIGNED to a District Judge.

**A. Procedural History**

Defendants originally moved to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction, arguing that there is no diversity jurisdiction over this matter where Defendants and Plaintiff are citizens of California. (Dkt. 8.) Plaintiff then dismissed three

individual Defendants who reside in California and filed an Amended Complaint. (Dkt. Nos. 11, 12.) The Amended Complaint alleges that Plaintiff is a resident of California, that Defendant 20th Century is a corporation "organized and existing under the laws of Delaware," that Defendant Terence Howard is a resident of Pennsylvania, and that Defendant Lee Daniels is a resident of New York. (Dkt. 12.) The Amended Complaint thus asserts diversity jurisdiction. (*Id.*) Plaintiff filed an opposition to the motion to dismiss; Plaintiff argued that the filing of the Amended Complaint made the motion to dismiss moot. (Dkt. 13.) In response, Defendants filed a "Reply" brief to their original motion to dismiss and argued that the issue of jurisdiction is not moot. Defendants argued that both Plaintiff and 20th Century are citizens of California and thus that diversity jurisdiction does not exist. (Dkt. No. 14.)

The Court has an obligation to consider jurisdictional issues at any stage of the proceedings, even *sua sponte* if it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Augustine*, 704 F.2d at 1077; Fed. R. Civ. P. 12(h)(3). Thus, the Court issued an order requesting further briefing on jurisdiction and gave Plaintiff a deadline of March 23, 2018. (Dkt. No. 15.) The deadline passed without any briefing from Plaintiff. In light of the foregoing, and based on the record of this case, the Court issues this report and recommendation that the action be dismissed for lack of jurisdiction.

### B. Jurisdictional Analysis

Federal courts are courts of limited jurisdiction. *See Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994). Diversity jurisdiction requires that all parties to the action be citizens of different states. 28 U.S.C. § 1332(d). Corporations may have dual citizenship, i.e., they can be a citizen of the state in which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). In this case, 20th Century is a citizen of both Delaware, where it was formed, and California, the location of its principal place of business. (Dkt. 8-1). Plaintiff does not dispute this evidence. Therefore, the parties are not diverse because both Plaintiff and Defendant 20th Century are California citizens. Because the Amended

Complaint does not provide a basis for federal question or diversity jurisdiction, the Court RECOMMENDS that the action be DISMISSED for lack of jurisdiction.

**IT IS SO ORDERED**.

Dated: April 4, 2018



SALLIE KIM
United States Magistrate Judge